IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBVIE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-362 (RGA) |
| | ) | |
| TEVA PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWER TO TEVA'S COUNTERCLAIMS**

Plaintiff AbbVie Inc. ("Plaintiff"), in response to the Counterclaims by Teva Pharmaceuticals, Inc. ("Teva") filed on July 3, 2023 (D.I. 9) ("Teva's counterclaims"), hereby states as follows:

1. The allegations in paragraph 1 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that Teva purports to state counterclaims for declaratory judgment of invalidity of U.S. Patent No. 11,542,239 ("the '239 patent" or the "counterclaim patent-in-suit"). Plaintiff denies the remaining allegations in paragraph 1 of Teva's counterclaims and denies that Teva is entitled to any of the relief that it seeks.

2. Upon information and belief, Plaintiff admits that Teva is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054.

3. Plaintiff admits that AbbVie Inc. is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, IL 60064, but denies the remaining allegations in paragraph 3 of Teva's counterclaims.

4. The allegations in paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that Teva purports to state counterclaims arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff denies the remaining allegations in paragraph 4 of Teva's counterclaims and denies that Teva is entitled to any of the relief that it seeks.

5. The allegations in paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that this Court has subject-matter jurisdiction over Teva's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201, but denies that Teva is entitled to any of the relief that it seeks.

6. The allegations in paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiff does not contest that this Court has personal jurisdiction over AbbVie Inc. for purposes of Teva's counterclaims in this case, but denies the remaining allegations in paragraph 6 of Teva's counterclaims and denies that Teva is entitled to any of the relief that it seeks.

7. The allegations in paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiff does not contest that venue is proper in this judicial district under §§ 1391 and 1400 for purposes of Teva's counterclaims in this case, but denies that Teva is entitled to any of the relief that it seeks.

8. Plaintiff admits that the '239 patent is titled "Elagolix Sodium Compositions and Processes" and issued on January 3, 2023, but denies the remaining allegations in paragraph 8 of Teva's counterclaims.

9. Plaintiff admits the allegations in paragraph 9 of Teva's counterclaims.

10. Plaintiff admits the allegations in paragraph 10 of Teva's counterclaims.

11. Upon information and belief, Plaintiff admits that Teva purports to have submitted ANDA No. 217650 under 21 U.S.C. § 355(j) seeking FDA approval for the commercial manufacture, use, offer for sale, sale or importation of elagolix sodium (eq. 300 mg base), estradiol (1 mg), and norethindrone acetate (0.5 mg) oral capsules co-packaged with elagolix sodium (eq. 300 mg base) oral capsules ("Teva's ANDA Product"), prior to the expiration of the counterclaim patent-in-suit, but denies the remaining allegations in paragraph 11 of Teva's counterclaim and denies that Teva is entitled to any of the relief that it seeks.

12. Upon information and belief, Plaintiff admits that Teva purports to have submitted a certification in ANDA No. 217650 stating that the claims of the counterclaim patent-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Teva's ANDA Product, but denies the remaining allegations in paragraph 12 of Teva's counterclaims and denies that Teva is entitled to any of the relief that it seeks.

13. Upon information and belief, Plaintiff admits that Teva purports to have notified Plaintiff in writing that Teva's ANDA was filed with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the counterclaim patent-in-suit is invalid, unenforceable, and/or will not be infringed by Teva's ANDA Product ("Teva's Notice Letter"). Plaintiff also admits that Teva's Notice Letter purported to include a detailed statement that the counterclaim patent-in-suit is invalid, unenforceable, and/or will not be infringed by Teva's ANDA Product. Plaintiff denies the remaining allegations in paragraph 13 of Teva's counterclaims and denies that it is entitled to any of the relief that it seeks.

14. Plaintiff admits the allegations in paragraph 14 of Teva's counterclaims.

15. Plaintiff incorporates by reference each of the preceding paragraphs of its responses to Teva's counterclaims as if set forth herein.

16. Plaintiff admits the allegations in paragraph 16 of Teva's counterclaims.

17. Plaintiff denies the allegations in paragraph 17 of Teva's counterclaims.

18. Plaintiff admits that an actual controversy exists between Teva and Plaintiff regarding the validity of the claims of the '239 patent, but denies that Teva is entitled to any of the relief that it seeks and denies the remaining allegations in paragraph 18 of Teva's counterclaims.

19. Plaintiff denies the allegations in paragraph 19 of Teva's counterclaims.

20. Plaintiff denies the allegations in paragraph 20 of Teva's counterclaims.

## GENERAL DENIAL

Plaintiff denies each and every allegation contained in Teva's Answer, Affirmative Defenses, and Counterclaims (D.I. 9) that was not specifically admitted in paragraphs 1-20 of this answer.

## DEFENSES

Count I of Teva's counterclaims fails to state a claim upon which relief can be granted.

## REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

i. the entry of judgment on Teva's counterclaims in favor of Plaintiff and against Teva;

ii. the denial of any and all the relief that Teva seeks in its counterclaims including but limited to the relief sought in the demand for judgment (a)-(c);

iii. the entry of judgment on Plaintiff's complaint in favor of Plaintiff and against Teva, with Plaintiff being granted all the relief requested therein;

iv. a declaration that this case is exceptional;

v. an award to Plaintiff of its costs and attorney fees; and

vi. an award to Plaintiff of such further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff AbbVie Inc.*

OF COUNSEL:

Jennifer H. Roscetti
Danielle A. Duszczyszyn
William B. Raich
Constance P. Lee
Ryan V. McDonnell
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

July 24, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 24, 2023, upon the following in the manner indicated:

Karen E. Keller, Esquire *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen, Esquire
Emily S. DiBenedetto, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendant Teva Pharmaceuticals, Inc.*

J.C. Rozendaal, Esquire *VIA ELECTRONIC MAIL*
Deirdre M. Wells, Esquire
Christina E. Dashe, Esquire
STERNE KESSLER GOLDSTEIN & FOX
1100 New York Avenue NW, Suite 600
Washington, DC 20005
*Attorneys for Defendant Teva Pharmaceuticals, Inc.*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)